## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD R. MERKEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.  CIV-11-67-M** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Commissioner of the Social Security Administration (Commissioner)

denying his application for disability insurance benefits. Pursuant to an order entered by

Chief United States District Judge Vicki Miles-LaGrange, the matter has been referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §

636(b)(1)(B).   The Commissioner has answered and filed the administrative record

(hereinafter Tr. _____).  Both parties have briefed their respective positions, and so the matter

is at issue. For the reasons stated herein, it is recommended that the decision of the

Commissioner be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff protectively filed his application for disability insurance benefits on May 23,

2006, alleging that he has been disabled since May 31, 2004, as a result of back injury, three

back surgeries, diabetes, high blood pressure, and depression. Tr. 89-91, 115, 129, 144-45. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 53, 54-55, 56-60, 64-66. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on June 3, 2008. Tr. 24-52, 67. Plaintiff appeared in person with his attorney and offered testimony in support of his application. Tr. 26, 27-48. A vocational expert testified at the request of the administrative law judge. Tr. 48-52, 86. The administrative law judge issued her decision on September 30, 2009, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was not entitled to benefits. Tr. 9-11, 12-23. On December 4, 2010, the Appeals Council denied Plaintiff's request for review, and so that decision became the final decision of the Commissioner. Tr. 1-3.

## II.  DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 13-15. She first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 15. At steps two and three, the administrative law judge determined that Plaintiff suffered from obesity, lumbar stenosis, history of fusion with subsequent hardware removal, hypertension, and diabetes mellitus, and she found that although these impairments were severe, they were not severe enough to meet or equal the criteria of any listed impairment or combination of impairments. Tr. 15-19. The administrative law judge also determined that Plaintiff suffered from major depressive disorder, recurrent, moderate,

but that this impairment was not severe.  Tr. 15-19.  Next, the administrative law judge determined that Plaintiff had the residual functional capacity (RFC) to perform less than a full range of sedentary work, specifically that he could lift and/or carry and push and/or pull ten pounds; stand for two hours in an eight hour workday; sit for six hours in an eight hour workday; occasionally stoop, climb, crouch, kneel, and crawl; but he would not be able to use vibrating tools or equipment. Tr. 19. Based on this RFC and the testimony of the vocational expert, the administrative law judge determined at step four that Plaintiff could not perform his past relevant work as a psychiatric aide, a group program leader, duplicating machine operator, or outside deliverer. Tr. 21. However, using the Medical-Vocational guidelines as a framework and the testimony of the vocational expert, the administrative law judge found that a person with Plaintiff's vocational factors and RFC could perform other work that exists in significant numbers in the national economy, such as referral and information aid; film touch-up operator; new account interviewer, and telephone quotation clerk. Tr. 22.  Accordingly, the administrative law judge found Plaintiff not disabled and not entitled to benefits.  Tr. 22-23.

## III.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

[W]e[1] independently determine whether the [administrative law judge's]

---

[1]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases.

decision is free from legal error and supported by substantial evidence. Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, we remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks and brackets omitted). To determine whether a claimant is disabled, the Commissioner employs a five step sequential evaluation process. 20 C.F.R. § 404.1520. The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy given the claimant's age, education, and work experience. Williams, 844 F.2d at 751.

## IV. DISCUSSION

Plaintiff raises six claims of error. First, he claims that the administrative law judge's decision is not supported by substantial evidence. Mr. Merkel's Brief in Chief (Plaintiff's

---

Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

Brief in Chief), 5-12.   Second, he argues that the administrative law judge rendered a

seriously flawed RFC.  Plaintiff's Brief in Chief, 12-14.  Third, Plaintiff contends that the

administrative law judge violated the treating physician's rule when finding that he could

stoop, climb, crouch, kneel, and crawl.  Plaintiff's Brief in Chief, 14-16.  Fourth, Plaintiff

contends that the administrative law judge erred in not including any limitations relating to

his mental disorder in the RFC.  Plaintiff's Brief in Chief, 16-18.  In his fifth claim of error,

Plaintiff asserts that the administrative law judge did not properly analyze his complaints of

pain.   Plaintiff's Brief in Chief, 18-20. Sixth, and finally, Plaintiff contends that the

administrative law judge  failed to employ the correct analysis in considering his credibility.

Plaintiff's Brief in Chief, 20-22.

### A.   WHETHER THE DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff first contends that the administrative law judge's decision is not supported

by substantial evidence.  Plaintiff's Brief in Chief, 6.  More specifically, he claims that the

administrative law judge misconstrued the medical record by ignoring evidence that

Plaintiff's symptoms "took a serious turn for the worse" in the summer of 2006.  Plaintiff's

Brief in Chief, 7.  He claims that this evidence fits all of the criteria of "failed back

syndrome." Id. He claims that the medical records, histories, physical diagnoses, and

descriptions after the summer of 2006 are the most significant ones for the purpose of

accurately assessing the extent of his limitations.  Id.   He points to the administrative law

judge's reliance on medical records from treating physician Dr. James Odor reflecting that

Plaintiff was doing very well–records that do not reflect his subsequent "deterioration." Plaintiff's Brief in Chief, 8.  He claims that the administrative law judge "cherry picked" statements in the record that supported her decision to deny benefits.  Id.  He also claims that the administrative law judge's decision to give great weight to the opinions of state agency medical consultants was in error as these opinions were based on an incomplete medical record.  Id. at 9-10.  In particular, he claims that medical consultant Dr. Thurma Fiegel claimed to give controlling weight to the medical source statements of Dr. Odor without identifying the statement to which she was referring.  Plaintiff's Brief in Chief, 10.  He claims that Dr. Fiegel's report dated September 5, 2006 obviously could not have taken into account a record from Dr. Odor, dated October 6, 2006, in which he noted a worsening of Plaintiff's condition and recommended further diagnostic evaluation.  Id. (citing Tr. 182, 316).  He posits that it is "likely" that she also did not see a radiology report dated September 1, 2006.  Id. (citing Tr. 183).  He also claims that there is nothing to show that the two state agency consultants who affirmed Dr. Fiegel's findings in February 2007 had reviewed the more recent evidence showing his deterioration.  Plaintiff's Brief in Chief, 11.

The Commissioner first responds that Plaintiff's own determination that he suffers from failed back syndrome is without merit as there is nothing in the medical record showing that any medical source diagnosed him with this condition.  Commissioner's Brief, 4.  He argues that Plaintiff's "self-diagnosis" of failed back syndrome is not acceptable medical evidence.  Commissioner's Brief, 4.  The Commissioner also contends that the administrative law judge did not err in considering the evidence from Dr. Odor showing that Plaintiff was

doing very well only a few months after his 2005 back surgery, since Plaintiff alleges a disability beginning in May 2004.  Commissioner's Brief, 5.

The Commissioner also disagrees with Plaintiff's argument that the administrative law judge mischaracterized the medical evidence by ignoring the parts of the medical record that contradicted her own finding.  Commissioner's Brief, 6.  The Commissioner notes Plaintiff's argument that the administrative law judge incorrectly stated that he did not have consistent evidence of reflex loss, motor loss, sensory loss, muscle atrophy, positive straight-leg raising, but argues that Plaintiff himself ignores evidence that supports her finding that the medical evidence regarding these aspects of Plaintiff's condition was indeed "inconsistent." Commissioner's Brief, 6 (citing Tr. 290, 292).

With regard to the administrative law judge's reliance on the findings of the state agency medical consultants, the Commissioner argues that Plaintiff has only identified two items in the medical record which he claims were not considered: Dr. Odor's October 2006 recommendation for further diagnostic evaluation; and a September 2006 radiology report- which in and of itself does not show a worsening of his condition in comparison to earlier x-rays.  Commissioner's Brief, 7.  Finally, the Commissioner argues that both the state agency medical consultants and the administrative law judge expressly stated that they had considered all of the medical evidence in reaching their decisions, and the Court should not assume otherwise.  Commissioner's Brief, 7-8.

The undersigned agrees that the decision of the administrative law judge is supported by substantial evidence.  Here, the administrative law judge specifically discussed Plaintiff's

claim that his condition was deteriorating.  For example, she recited the fact that in August

2006, Plaintiff told his doctor, Dr. H. Kent Studebaker, that he felt as if a disc above the

fused part of his back was slipping out.  Tr. 15.  She also mentioned his visit to Dr. Odor in

October of 2006, where Plaintiff complained of increased pain.  Tr. 15.  However, she also

noted the examination findings of the consultative physician in August of 2006.  Those

findings indicated normal deep tendon reflexes, normal grip strength, that cranial nerves were

grossly intact, and that Plaintiff was able to heel toe walk and get up from a chair and walk,

albeit with a "slightly antalgic" gait.  Tr. 16.  She also noted the consultative physician's

finding that Plaintiff's range of motion was abnormal due to pain, and in fact acknowledged

such by limiting Plaintiff to less than a full range of sedentary work.

    As noted above in connection with the standard of review applicable to an appeal such

as this, the Court is not to reweigh the evidence or retry the case, but to examine the record

as a whole. While it is true that such includes consideration of all evidence, if the evidence

as a whole is such that a reasonable mind could reach the same conclusion as did the

administrative law judge there is substantial evidence to support the decision.   The

undersigned finds that there is substantial evidence to support the administrative law judge's

decision. It is recommended that Plaintiff's first claim of error be rejected.

### B. FLAWED RFC FINDING

    Next, Plaintiff argues that the administrative law judge erred when she found that he

could occasionally stoop and crouch, claiming that it is inconsistent with Dr. Odor's

restriction to no repetitive bending, twisting or lifting greater than ten pounds.  Plaintiff's

Brief in Chief, 12-13 (citing Tr. 182, 192).  Plaintiff defines "stoop" and "crouch" using an online dictionary, and notes that both are defined as bending-either solely from the waist, or with the legs bent.  Id.  He then posits that because "occasional" is defined by the Commissioner as "up to one third of the day," occasional stooping and crouching might encompass "repetitive" bending in direct conflict with Dr. Odor's restriction. Plaintiff's Brief in Chief, 13 (citing Social Security Ruling 96-9p).

In response, the Commissioner notes that it is Plaintiff's burden to establish his functional limitations, and he argues that the administrative law judge discussed the relevant evidence and included all limitations supported by the record in her RFC finding. Commissioner's Brief, 9.  He further argues that the administrative law judge stated that her RFC finding was consistent with the opinion of Dr. Odor as well as the state agency medical consultants.  Id.  He argues that medical consultant Dr. Fiegel's RFC assessment allowed for occasional bending, and she specifically stated that she was giving controlling weight to the medical source statements of Dr. Odor.   He claims that this is evidence that the two limitations are not inconsistent.  Commissioner's Brief, 10. Finally, the Commissioner argues that even if there is an inconsistency between occasional stooping and crouching and repetitive bending, three of the four jobs identified by the vocational expert involve no stooping or crouching, making any error harmless. Commissioner's Brief, 10.   The undersigned agrees.

First, the Commissioner has defined "stoop" as bending the spine alone, and "crouch" to mean bending both the spine and legs. See Social Security Ruling 85-15, Capability to Do

Other Work-the Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, 1985 WL 56857, at *2. Although there appears to be no definition of "repetitive," at least one vocational expert has taken such to mean an activity occurring 2/3 to 100% of the workday:

> Plaintiff asserts that the district court's approval of the [administrative law judge's] use of the opinion of the examining doctor, Dr. Davis, that plaintiff is not precluded from frequent reaching, handling, or fingering is inconsistent with the [administrative law judge's] finding that plaintiff is restricted from repetitive actions. Plaintiff presumes the terms "frequent" and "repetitive" are synonymous, but they are not. In identifying jobs the plaintiff could perform, the [vocational expert] expressly construed the term "repetitive" to mean "from two-thirds to 100 percent of the time." With that understanding, the [administrative law judge] found that the plaintiff could perform jobs that require frequent reaching, handling, or fingering, even with an RFC that precludes him from performing repetitive actions with his remaining hand. Because reaching, handling, or fingering that is performed "[f]requently" is performed only "1/3 to 2/3 of the time," the [administrative law judge's] findings are not inconsistent.

Gallegos v. Barnhart, No. 03-2072, 99 Fed.Appx. 222, 224-225 (10th Cir. June 2, 2004) (citations and record citations omitted).

Second, the state agency medical consultant, who gave controlling weight to Dr. Odor's opinion that Plaintiff's impairment precludes repetitive bending, assessed Plaintiff as having the residual functional capacity to stoop and crouch occasionally. Tr. 311, 315. Thus, there was evidence supporting the administrative law judge's RFC finding that Plaintiff could occasionally stoop and crouch.

Third, and finally, the Commissioner is correct that the Dictionary of Occupational Titles (DOT) states that stooping and crouching are "not present" with regard to three of the

four jobs identified by the vocational expert: new account clerk, DICOT 205.367-014, 1991 WL 671715, at 3; referral-and-information aide, DICOT 237.367-042, 1991 WL 672193, at 3; and telephone quotation clerk, DICOT 237.367-046, 1991 WL 672194, at 3.  Tr. 50.[2] Thus, even if "occasional" stooping and crouching were inconsistent with repetitive bending, the error was harmless.  See Poppa v. Astrue, 569 F.3d 1167, 1174 (10th Cir. 2009) (because there were no conflicts between vocational expert's testimony and DOT's job descriptions, administrative law judge error in not inquiring about potential conflicts was harmless). Accordingly, the undersigned finds Plaintiff's second claim of error to be without merit.

### C.  TREATING PHYSICIAN RULE

Plaintiff next claims that the administrative law judge violated the treating physician rule when she found that he could stoop, climb, crouch, kneel, and crawl.  Plaintiff's Brief in Chief, 14.  He claims that the administrative law judge neither assessed the degree of weight assigned to his treating physician's opinion, nor provided specific and legitimate reasons for rejecting the restrictions he imposed.  Plaintiff's Brief in Chief, 14-15.  His argument is based on the premise that the administrative law judge's RFC finding was inconsistent with Dr. Odor's restriction of no repetitive bending, twisting, or lifting greater than ten pounds.  Id. at 15.  The Commissioner responds that this claim of error is without merit for the same reasons given in response to Plaintiff's claim that the RFC finding was

---

[2]Only one of the four jobs, film touch-up inspector, requires occasional stooping; even then the vocational expert's testimony that none of the jobs she identified had descriptions which were inconsistent with those contained in the DOT supports the administrative law judge's finding that a repetitive bending restriction is not inconsistent with a job that requires occasional stooping. Tr. 51.

flawed.  Commissioner's Brief, 12.

Treating source medical opinions are entitled to deference and must be either given controlling weight or assigned some lesser weight "using all of the factors provided in 20 C.F.R. [§] 404.1527."  Social Security Ruling 96-2p, 1996 WL 374188, at *4.  To ensure that the opinion of a treating physician receives proper deference, an administrative law judge must engage in a sequential analysis when performing her review of such opinions.  See Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

First, the administrative law judge must determine whether the opinion deserves controlling weight.  Watkins, 350 F.3d at 1300.  Controlling weight should be given if the opinion is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record.  20 C.F.R. § 404.1527(d)(2); Watkins, 350 F.3d at 1300.

If the medical opinion is not entitled to controlling weight, it is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Watkins, 350 F.3d at 1300.  Further, the administrative law judge must give good reasons in the decision for the weight she ultimately assigns to the opinion.  Watkins, 350 F.3d at 1301. As summarized in Watkins, the regulatory factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which

tend to support or contradict the opinion.

<u>Watkins</u>, 350 F.3d at 1301.  Although the decision need not include explicit discussion of each factor, the record must reflect the weight the administrative law judge gives to the opinion and the reasons for that weight.  See <u>Oldham v. Astrue</u>, 509 F.3d 1254, 1258 (10th Cir. 2007).  The decision must articulate the administrative law judge's reasoning such that later reviewers can identify both the weight that was actually assigned to the opinion and the reasons for that weight.  Social Security Ruling 96-2p, 1996 WL 374188, at *5.  "Finally, if the [administrative law judge] rejects the opinion completely, [s]he must then give specific, legitimate reasons for doing so."  <u>Watkins</u>, 350 F.3d at 1301 (internal quotation marks omitted).

The undersigned finds that the administrative law judge thoroughly discussed all of the medical records, including those of Dr. Odor, and in fact stated that she concurred with the state agency's reviewing physicians because their RFC assessment was "consistent with the opinion of the claimant's long-term treating surgeon."  Tr. 20.  She then specifically noted that the opinion of Dr. Odor was that Plaintiff should avoid repetitive bending, twisting, or lifting greater than ten pounds.  Tr. 20 (citing Tr. 187).  Thus, it is clear from the decision that the administrative law judge gave Dr. Odor's opinion controlling weight, and her RFC finding that Plaintiff could perform sedentary work was significantly reduced in accordance with that opinion. Tr. 19-20.  Moreover, Dr. Fiegel specifically stated that she was giving Dr. Odor's opinion controlling weight, and the administrative law judge adopted Dr. Fiegel's assessment in reaching her finding as to Plaintiff's RFC. For these reasons and

13

the reasons stated in connection with Plaintiff's second claim of error, the undersigned finds

that the postural limitations contained in the RFC are not inconsistent with the opinion of Dr.

Odor.   Accordingly, Plaintiff's third claim of error is without merit.

### D.   FAILURE TO FIND LIMITATIONS RELATING TO PLAINTIFF'S MENTAL IMPAIRMENT

In his fourth claim of error, Plaintiff states that the administrative law judge found

Plaintiff to have "the severe limitation of 'a major depressive disorder,'" and so was

obligated to include limitations related to that impairment in the RFC.  Plaintiff's Brief in

Chief, 16.  Plaintiff claims that the administrative law judge "simply forgot to mention [his]

mental limitations, even though she found his depression to be a severe impairment."  Id. at

17.  He concludes that because the hypothetical contained no such limitations, the decision

at step five must be reversed.  Id. at 17-18.

The Commissioner correctly points out that the finding of the administrative law judge

was that Plaintiff *did not* have a severe mental impairment. Commissioner's Brief, 12 (citing

Tr. 17-19).  The Commissioner further argues that the administrative law judge not only did

not fail to address the mental impairment, but she explicitly explained her finding that it was

not severe and that it did not result in additional work related limitations.  Id. at 13.

The Commissioner is correct.  The entire premise of Plaintiff's fourth claim of error-

that the administrative law judge found his mental impairment to be severe-is belied by the

decision itself.  Tr. 19.  Furthermore, the argument that the administrative law judge "forgot"

about Plaintiff's mental impairment in reaching her RFC finding is frivolous; she specifically

stated that the findings regarding Plaintiff's mental impairment did not result in additional limitations in work-related functions.  Tr. 19.  Accordingly, his argument that the RFC should have contained limitations related to his depression because it was found to be severe has no merit and should be rejected.  In addition, the undersigned notes that although the administrative law judge found his mental impairment to be non-severe at step two, she again gave it specific consideration in explaining the reasons for her RFC finding at step four.  See Tr. 20-21.  It thus follows that the hypothetical at step five was not flawed for failing to contain any restrictions related to Plaintiff's mental impairment.  It is recommended that Plaintiff's fourth claim of error be rejected.

### E.   THE   ADMINISTRATIVE   LAW   JUDGE'S   EVALUATION   OF PLAINTIFF'S PAIN/CREDIBILITY ANALYSIS

Because the standards governing Plaintiff's fifth and sixth claims of error overlap, the undersigned will consider them together.  First, Plaintiff argues that a major component of Plaintiff's complaints has to do with consistent and severe pain, and yet the administrative law judge failed to apply any analysis to evaluate the effect of his pain on his ability to work. Plaintiff's Brief in Chief, 18.  He claims that the Tenth Circuit decision in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987) established the analysis that must be applied in cases involving pain.  Id. at 18-19.  He claims that the administrative law judge only gave "lip service" to Luna by reciting its requirements.  Id. at 19.  He claims that this was the "beginning and ending of her Luna analysis," and that the use of boilerplate language has been criticized by the Tenth Circuit. Id. at 19-20. Plaintiff also contends that the administrative law judge failed

to perform a proper credibility analysis in that she failed to set forth the specific evidence upon which she relied in making a finding that his subjective complaints were not completely credible. Plaintiff's Brief in Chief, 20-21.

In response, the Commissioner argues that the administrative law judge properly evaluated Plaintiff's subjective complaints, including pain, in accordance with the requirements of 20 C.F.R. § 404.1529 and Luna. Commissioner's Brief, 14. He contends that the administrative law judge discussed the relevant evidence and gave sufficient rationale for discounting Plaintiff's subjective complaints. Commissioner's Brief, 14.

As an example, the Commissioner notes that the administrative law judge pointed out that Plaintiff's ability to walk 7 miles a day in July 2005 contradicted his claim that he had been disabled since May 2004. Commissioner's Brief, 14 (citing Tr. 20, 89, 191). She also found it significant that Plaintiff did not report renewed pain to doctors until after he filed his application for benefits. Commissioner's Brief, 14 (citing Tr. 20). Similarly, the Commissioner points out that Plaintiff waited five months to return to Dr. Odor after his symptoms allegedly worsened, and did so only one month after the initial denial of his claim. Commissioner's Brief, 14-15 (citing Tr. 56-59, 115, 182). The administrative law judge also noted that there was no medical support for Plaintiff's claimed date of disability-May 2004- and that he in fact reported that he was doing well following removal of hardware from his back in 2005. Tr. 20. The undersigned also notes the administrative law judge's observation that Plaintiff told his psychologists that one of his main problems was a lack of motivation. Tr. 20. The undersigned agrees that the administrative law judge's evaluation of Plaintiff's

subjective complaints was adequate under the applicable standards.

First, disability requires more than mere inability to work without pain. "To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Brown v. Bowen, 801 F.2d 361, 362-363 (10th Cir. 1986). The standard for evaluating the effects of subjective complaints, such as pain, on the ability to work is well established.  In accordance with Luna v. Bowen, 834 F.2d 161, 163-65 (10th Cir. 1987), the administrative law judge must consider (1) whether the claimant has established the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms, (2) if so, whether there is at least a "loose nexus" between the impairment and the claimant's subjective allegations, and (3) if so, whether, considering all of the evidence, both objective and subjective, the claimant's symptoms are in fact disabling.

When the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the claimant's ability to do basic work activities. Social Security Ruling 96-7p, 1996 WL 374186, at *1.  Some factors that may be considered in assessing the credibility of a claimant's statements about the effects of symptoms include (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has

17

received for relief of pain or other symptoms; (5) treatment, other than medication, the claimant has received for relief of pain or other symptoms; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms.  20 C.F.R. § 404.1529(c)(3); see also Luna, 834 F.2d at 165-66; Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988) (listing other relevant factors including frequency of medical contacts and other subjective measures of credibility that are peculiarly within the judgment of the administrative law judge, such as the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence).

Furthermore, credibility determinations are peculiarly within the province of the finder of fact and should not be upset when they are supported by substantial evidence.  Diaz v. Secretary of Health & Human Services, 898 F.2d 774, 777 (10th Cir. 1990).  However, an administrative law judge must closely and affirmatively link her credibility findings to substantial evidence as a conclusory finding is insufficient.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Even so, a "formalistic factor-by-factor recitation of the evidence" is not required.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  An administrative law judge's credibility analysis is sufficient so long as the decision sets forth the specific evidence relied upon in making the determination.  Qualls, 206 F.3d at 1372.

Here, the administrative law judge did apply the Luna analysis.  Tr. 19.  She found that Plaintiff's medically determinable impairments could reasonably be expected to produce his symptoms, Tr. 19, and she then evaluated the intensity, persistence, and limiting effects

18

of his symptoms to determine the extent to which they limited his ability to perform basic work activities.  Tr. 19-21.  As argued by the Commissioner, the administrative law judge specifically discussed inconsistencies in Plaintiff's reported symptoms, that he waited to seek treatment well after the time he claimed an increase in symptoms, that the timing of that complaint coincided with the initial denial of benefits, and that the reported onset date was not supported by anything in the record. Tr. 20. The undersigned also notes that the administrative law judge referred to Plaintiff's reported activities of daily living-which she had earlier discussed-as being inconsistent with the level of his reported symptoms.  Tr. 18, 20.  Those included Plaintiff's report that he prepares some food, drives, reads books, telephones friends and relatives, watches television, listens to music, shops, and goes to the movies.  Tr. 18.

Contrary to Plaintiff's argument, the undersigned finds that the administrative law judge did discuss her reasons for finding Plaintiff less than credible regarding the disabling effects of his pain, and that she followed the appropriate law and applied the appropriate factors in reaching her decision. Moreover, the very limited RFC finding of the administrative law judge reflects her belief that Plaintiff's ability to work is indeed significantly affected by pain; thus, she did not completely discount his subjective complaints. Accordingly, the undersigned finds that the administrative law judge properly evaluated Plaintiff's credibility regarding his pain, and that her finding is supported by substantial evidence. Plaintiff's fifth and sixth  claims of error are therefore without merit.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be affirmed.  The Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by March 8, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered  this 17th day of February, 2012.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE